# UNITED STATES EX REL. SCHWERDTFEGER v. BROWNLOW.

MUNICIPAL CORPORATIONS; FIREMEN; OFFICERS; MANDAMUS.

1. Where a municipal board is constituted by statute a quasi judicial body, with power to pass upon the subject of granting pensions to firemen, a court cannot, in a mandamus proceeding, review its findings of fact, nor its construction of the statute conferring jurisdiction upon it, where the construction it has given the statute is a possible one.

2. Mandamus will not lie at the instance of a retired fireman to compel the commissioners of the District of Columbia to place his name upon the pension roll of the fire department and to grant him a pension, where the commissioners, after a hearing accorded the relator, found that the disease from which he was suffering when he entered the service had been greatly aggravated by his service, but that under the provisions of the Act of Congress of June 11, 1896 (29 Stat. at L. 405, chap. 419), aggravation of an existing disease cannot be made the basis of a claim for a pension.

No. 2973.  Submitted October 4, 1916.  Decided November 14, 1916.

NOTE.—On the nature and circumstances of injury as affecting right to share in pension or insurance fund for policemen and firemen, see notes in 20 L.R.A.(N.S.) 1176, and 50 L.R.A.(N.S.) 1019.

HEARING on an appeal by the relator from a judgment of the Supreme Court of the District of Columbia dismissing a petition for the writ of mandamus to compel the commissioners of the District of Columbia to place the relator's name upon the firemen's pension roll and grant him a pension.

*Affirmed.*

The COURT in the opinion stated the facts as follows:

This appeal is from an order of the supreme court of the District of Columbia dismissing a petition for a writ of mandamus to compel the commissioners of the District to place relator's name upon the pension roll of the fire department, and to grant him a pension at the rate of $50 per month.

The act of Congress under which the commissioners acted (29 Stat. at L. 405, chap. 419), among other things, provides "that hereafter the commissioners of the District of Columbia shall deduct one dollar per month from the pay of each fireman, which sum so deducted shall be kept as a fireman's relief fund and be invested in United States or District bonds, and held in the manner provided by existing law in respect to the policeman's fund, and shall be used for the relief of any fireman who, having served not less than twelve months, shall by reason of injuries received or disease contracted in the line of actual fire duty, going to, at, or returning from a fire," etc.

It appears from the finding of the commissioners after a full hearing had been accorded relator, William A. Schwerdtfeger, that he was suffering from epilepsy *petit mal* at the time he entered the service of the District, and that the disease had been greatly aggravated by his service in the fire department. It was held, however, that where the disease was not contracted, but merely aggravated, in the line of duty, relator was not entitled, under the provisions of the aforegoing act of Congress, to a pension.

*Mr. R. H. McNeill* and *Mr. J. W. McNeill* for the appellant.

Mr. *Conrad H. Syme,* Corporation Counsel, and *Mr. F. H. Stephens,* Assistant, for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

Counsel for relator is here seeking to convert a mandamus proceeding into a writ of error for the review of the findings of fact of the commissioners. No complaint is made that the commissioners were without jurisdiction, or that relator was not granted a full hearing; but it is asserted that the commissioners erred both as to the ruling made upon the facts, and as to the application of the law thereto. Without considering either error assigned, it is sufficient to say that in neither case can we grant any relief in this proceeding.

The commissioners are constituted a *quasi* judicial body to pass upon the subject of the granting of pensions to firemen. In so doing they are called upon to pass both upon questions of law and of fact. As suggested, we cannot review their conclusions upon the facts, and the same rule applies to the law where the construction placed upon the statute is a possible one. *United States ex rel. Ness* v. *Fisher,* 223 U. S. 683, 56 L. ed. 610, 32 Sup. Ct. Rep. 356. The construction here placed upon the statute is not only a possible one, but a reasonable one, which, if called upon to decide, we are not prepared to say is erroneous. Relief, therefore, cannot be granted through mandamus.

The judgment is affirmed with costs. *Affirmed.*